On Application nor a Rehearing.
The defendants and appellants in their application for a rehearing allege:
“ The lower court awarded them a judgment for costs against Clinton B. Andrus personally. This court has decided that the cession made by Andrus, including the property attached in the hands of S. V. Major, vest in the mass of the creditors the right of administering and selling the insolvent’s property. Andrus therefore has no property exigible for these costs, and.if he had, this court has decided that it must go into the mass of his insolvent succession, and that these individual creditors have no recourse whatever upon any property that he might have.
“ Therefore a personal judgment against Andrus for these costs is entirely nugatory and valueless. These costs should be paid by the insolvent succession and by privilege. O. O. 3195 and 3727 give a privilege for the payment of these claims. ’ ’
There was no issue about costs at any time prior.
They follow the judgment in condemning O. B. Andrus to pay costs.
In the lower court, and in this court, it unavoidably follows that he is condemned to pay the costs as an insolvent debtor; that they must be carried on the account of the syndic as an indebtedness of O. B. Andrus, insolvent debtor, to be paid out of the proceeds of the insolvent’s estate.
Having made a surrender of this property, the costs of suits decided against him since the surrender in matter growing out of, and *1073 intimately connected with, his surrender of his property must be paid out of the insolvent’s estate.
Such is the intention of our decision; its terms leave no other possible reasonable inference.
This was also in effect, in so far as relates to costs, the lower court’s judgment.
These costs are secured as to their payment by such privilege as the law accords.
There is no issue presented as to that privilege.
We will not grant a rehearing to allow that which the terms of our ■decision secures.
The judgment on appeal is one. of interpretation. It does not amend the judgment of the District Court.
In St. Louis National Bank vs. Joseph Block, 44 An. 893, we interpreted the judgment of the lower court and subjected the judgment “ to the limitations stated in this opinion.”
In that decision, not only interpreting but limiting the judgment of the court in certain respects, the appellant was condemned to pay costs.
In the decision in the case at bar the court’s action is limited to interpreting the judgment.
It follows that the appellant owes the costs.